UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LAWRENCE LOMBARDI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:24-CV-101-REW-EBA |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Plaintiff Lawrence Lombardi, proceeding *pro se*, filed a motion for summary judgment. *See* DE 47. The Government responded in opposition, *see* DE 52, and Plaintiff replied. *See* DE 58. United States Magistrate Judge Edward B. Atkins, on referral, issued a Recommended Disposition, ultimately recommending that the Court deny DE 47 because Plaintiff did not demonstrate that the United States failed to provide timely responses to Plaintiff's requests for admissions. *See generally* DE 59 (Amended Order & Recommended Disposition). Judge Atkins conducted a thorough analysis of Plaintiff's arguments, invoking the proper legal standards and apt case law. Judge Atkins informed Lombardi of his right to object to the recommendation under 28 U.S.C. § 636(b)(1) within fourteen days. *See id.* at 11. Judge Atkins further warned Lombardi that failure to properly and timely object would cause him to lose the right to further appeal or review of the Recommended Disposition. *See id.* This deadline has now passed with no objection from either party; thus, the Court is ready to adopt Judge Atkins's comprehensive and well-reasoned recommendation.

In considering a magistrate judge's recommendation, the Court must review *de novo* any "portions of the report or specified proposed findings" to which any party objects. 28 U.S.C.

§ 636(b)(1). An objecting party faces the affirmative "duty to pinpoint those portions of the [magistrate judge's] report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citation and quotation marks omitted). But the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[Defendant] simply *failed to file* an objection to the magistrate judge's R & R denying qualified immunity. That is forfeiture, not waiver.") (emphasis in original). Further, the Court "need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira*, 806 F.2d at 637 (citation and quotation marks omitted). Objections that merely "dispute[ ] the correctness of the magistrate's recommendation" without specifying the findings that the objecting party "believe[s] were in error[,] . . . amount to general objections" and do not warrant *de novo* review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The Court has considered the Recommended Disposition, as well as the entire record and relevant authority, and agrees with Judge Atkins's careful analysis and conclusions. Accordingly, the Court **ADOPTS** DE 59 and **DENIES** Lombardi's motion for summary judgment (DE 47).

This the 28th day of August, 2025.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge